UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **BANDY LEE, MD, MDiv,** | : | |
| | : | **CASE NO.  3:21-cv-00389-MPS** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **YALE UNIVERSITY,** | : | |
| **Defendant.** | : | **JUNE 24, 2021** |

### RULE 26(f) REPORT OF PARTIES PLANNING MEETING

The parties in the above-referenced matter hereby submit the following Rule 26(f) pretrial plan for approval by the court, and jointly propose the following management plan:

Date Complaint Filed:            March 22, 2021

Date Complaint Served:        Waiver of Service Mailed: March 22, 2021

Date of Defendant's Appearance:    May 11, 2021

Pursuant to Federal Rules of Civil Procedure 16(b), 26(f) and D. Conn. L. Civ. R. 16, undersigned counsel conferred by exchanging draft of this Report by email beginning on June 1, 2021, and by phone on June 10, 2021.  The participants were:

  Robin B. Kallor & Cindy M. Cieslak, for Plaintiff.

  Caroline B. Park & Jonathan Freiman, for Defendant.

**I.**   **Certification**:

Undersigned counsel (after consultation with their clients) certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of this case; and (b) they have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

1

## II. Jurisdiction

### A. Subject Matter Jurisdiction

Defendant does not contest that subject matter jurisdiction exists pursuant to diversity jurisdiction, 28 U.S.C. § 1332. The Complaint also alleges federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

### B. Personal Jurisdiction

Personal jurisdiction is not contested in this matter.

## III. Brief Description of Case:

### A. Claims of Plaintiff:

This is an action for damages, declaratory and injunctive relief, and other equitable relief, arising out of Yale University's ("Yale") unlawful termination of Dr. Bandy Lee's ("Dr. Lee" or "Plaintiff") faculty appointment on its own and at the behest of Professor Alan Dershowitz ("Mr. Dershowitz"), due to her exercise of free speech about the dangers of Donald Trump's presidency. Her public statements, which further included commentary about the influence that President Trump's persona had on his "inner circle", including Mr. Dershowitz, and opposition to the American Psychiatric Association's ("APA") gag order of its member psychiatrists under a reinterpretation of the Goldwater Rule were protected by the First Amendment of the Connecticut and United States Constitutions as codified in Conn. Gen. Stat. § 31-51q and by Yale's guarantees of academic freedom. Yale violated its contractual obligations to Dr. Lee and violated the implied covenant of good faith and fair dealing. Yale further committed the tort of negligent misrepresentation by not adhering to its policies on academic freedom, upon which Dr. Lee had relied.

### B. Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims) of Defendant:

2

On June 11, 2021, Defendant moved to dismiss the Complaint in its entirety, the basis for which is briefly summarized below. Dr. Bandy Lee served for several years as an unpaid volunteer professor in the Psychiatry Department (the "Department") at Yale University. When her last term as a volunteer faculty member expired, Yale did not offer her another term, concluding that she lacked important skills for teaching psychiatry trainees. This assessment was made after a committee in the Department interviewed her and determined that her diagnoses of public figures, whom she had not examined, did not adequately reflect the process of differential diagnosis, did not meet criteria set out in the DSM-5, and failed to consider alternative explanations for the data.

- As to Plaintiff's breach of contract claim, the decision not to reappoint her after the expiration of her term appointment was an academic decision entitled to deference under Connecticut precedent, including *Gupta v. New Britain General Hospital*, 239 Conn. 574, 687 A.2d 111 (1996). None of the applicable exceptions to *Gupta* are present, in that Plaintiff did not plead that her non-reappointment resulted from arbitrary, capricious, or bad faith conduct on the part of Yale, and no specific contractual promise was identified. The Complaint seems to allege breaches of three things: (i) Yale's policy regarding academic freedom; (ii) Section III.L of the Faculty Handbook; and (iii) unspecified "procedures" on Yale's website regarding investigations of "academic misconduct." For each, Plaintiff either failed to identify a specific promise, failed to plead how the breach of a promise harmed her, or both.

- Plaintiff's claim for violation of the covenant of good faith and fair dealing fails for the same reasons her breach of contract claim fails, but even if such claim were viable, she has not plausibly alleged bad faith, a required element.

- Plaintiff's negligent misrepresentation must be dismissed because the Complaint does not allege the violation of any promise relating to academic freedom and, in any event, does not allege that Yale knew or should have known that the statements upon which Count Three is based were known to be false at the time they were made.

- Count Four fails to state a claim under Conn. Gen. Stat. § 31-51q for three reasons, each independently fatal: Plaintiff has not alleged facts showing that she was a Yale employee (as opposed to volunteer); she has not alleged facts showing that she was disciplined or discharged (as opposed to not re-appointed), and the state statute cannot be applied in a way that violates Yale's federal constitutional rights.

  **C.** **Defenses and Claims of Third Party Defendants**: Not applicable.

**IV.** **Statement of Undisputed Facts:** The parties are unable to stipulate to facts at this time.

**V.** **Case Management Plan:**

  **A.** Defendant intends to move to stay discovery pursuant to Fed. R. Civ. P. 26(c) and proposes that the discovery deadlines be adjusted from the expiration of the stay, should Defendant's motion be granted. In light of that, the following Case Management Plan proposes discovery deadlines running from the expiration of the proposed stay. The parties have also discussed a discovery timeline in the event that Defendant's motion to stay is denied, and have proposed those dates in the alternative.

  **B.** Plaintiff objects to the Defendant's forthcoming request to stay discovery pending the resolution of the motion to dismiss.

  **C.** **Initial Disclosures:** Initial disclosures pursuant to the Court's Initial Discovery Protocols for Employment Cases Alleging Adverse Actions will be served 2 months from the expiration of the stay or by September 9, 2021, in the event Defendant's motion to stay is denied.

**D.     Scheduling Conference**.

1.     The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2.     The parties prefer that a scheduling conference, if held, be conducted by telephone.

**E.     Early Settlement Conference**.  The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement is unlikely at this time.

1.     The Plaintiff would be willing to participate in an early settlement conference.  Defendant does not request an early settlement conference.

2.     The parties do not request referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**F.     Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings.**

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1.     Defendant filed a responsive pleading on June 11, 2021.

2.     Plaintiff should be allowed until August 15, 2021, to join additional parties. In accordance with the Court's June 17, 2021, Order, Plaintiff shall be allowed until August 2, 2021, to file an amended complaint. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules and the Court's June 14 and 17 Orders, a showing of good cause for the delay.

3. Defendant should be allowed until August 15, 2021, to file motions to join additional parties and will respond to any amended complaint filed by Plaintiff within 30 days from filing.

### G. Discovery

a. While difficult to ascertain with specificity the full range of discovery needs, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26 (b)(1).

b. The parties anticipate that the discovery needs of this case consist of the following:

**Plaintiff**:  All subjects and issues fairly arising out of the allegations set forth in Plaintiff's Complaint including those relating to liability and damages; all subjects and issues fairly arising out of and denials to any allegations contained in the Complaint as well as any Affirmative Defenses asserted by the Defendant.  Plaintiff reserves the right to serve additional discovery as may be necessary based upon information brought to light that might have an impact on these proceedings. Defendant reserves the right to object to discovery requests on any appropriate legal ground.

**Defendant**:  Defendant anticipates that discovery will be needed on the following subjects: (1) the factual basis, if any, for the allegations set forth in the Complaint; (2) the factual basis, if any, for Plaintiff's claims for damages, including emotional distress and any other non-economic damages; and (3) any additional evidence relating to facts uncovered during discovery.

>Plaintiff reserves the right to object to discovery requests on any appropriate legal ground.

>c. All discovery, except as indicated below, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will commence upon the expiration of the stay if granted or immediately upon Plaintiff's filing of her response to Defendant's motion to dismiss, in the event the stay is not granted or in the event the Court has not yet ruled on Defendant's motion to stay. Discovery shall be completed (not propounded) 12 months from the expiration of the stay or by June 15, 2022, in the event Defendant's motion to stay is denied.

>d. Discovery will not be conducted in phases.

>e. If discovery will be conducted in phases, describe each phase and state the date by which it will be completed by - Not applicable.

>f. The parties anticipate that Plaintiff will require 10 depositions of fact witnesses and that the Defendant will take up to 5 depositions of fact witnesses. The depositions will commence upon the expiration of the stay if granted or immediately upon Plaintiff's filing of her response to Defendant's motion to dismiss, in the event the stay is not granted or in the event the Court has not yet ruled on Defendant's motion to stay. Depositions will be completed 12 months from the expiration of the stay, or by June 15, 2022, in the event Defendant's motion to stay is denied.

>g. The parties do not anticipate that they will request permission to serve more than 25 interrogatories, but either party reserves the right to do so.

>h. Plaintiff may call expert witnesses at trial. Defendant may call expert witnesses at trial.

    i. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof 9 months from the expiration of the stay, or by March 15, 2022, in the event Defendant's motion to stay is denied. Depositions of any such experts will be completed 10 months from the expiration of the stay, or by April 15, 2022, in the event Defendant's motion to stay is denied.

    j. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof 11 months from the expiration of the stay, or by May 15, 2022, in the event Defendant's motion to stay is denied. Depositions of such experts will be completed 12 months from the expiration of the stay, or by June 15, 2022, in the event Defendant's motion to stay is denied.

    k. A damages analysis will be provided by any party who has a claim or counterclaim for damages 4 months from the expiration of the stay, or by October 1, 2021, in the event Defendant's motion to stay is denied.

    l. Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved)  have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing

such information.  The parties do not anticipate that electronic discovery will be a major issue in this litigation.  The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information. The parties agree to preserve all relevant and responsive electronic information and continue routine computer operations critical to ongoing activities, including the automatic creation and deletion or overwriting of non-relevant, non-responsive information; the parties will produce ESI that is relevant, responsive, not privileged and not inaccessible subject to the Rule 26(b) limitations that apply to all discovery; the parties will confer and agree on a mutually agreeable format for the production of all non-privileged emails and other electronic data once the volume of such data is ascertained.  The parties reserve the right to assert objections to any request for the production of electronically stored information.

    m. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

      1.  The inadvertent production of any privileged or otherwise protected or exempted information shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof;

      2.   After discovering an inadvertent production of privileged information, the party discovering such disclosure shall notify the other party, in writing within 30 days of such production of the inadvertent production;

      3.  Upon receiving written notice from the disclosing party that privileged information or work-product material has been inadvertently produced, all such

information, and all copies thereof, shall be returned by counsel for the receiving party and, unless the parties agree otherwise, counsel shall not use such information for any purpose until further order of the Court; if any analyses, memoranda, or notes have been internally generated based upon such inadvertently-produced information, counsel for receiving party shall immediately notify disclosing counsel, in writing, and unless otherwise ordered by the court, such analyses, memoranda or notes shall be destroyed with certification of such destruction to the producing party; and by complying with this obligation, the requesting party does not waive any right it has to challenge the assertion of privilege and to request an order of the Court denying such privilege.

  **H.** **Other Scheduling Issues**

The parties do not believe additional schedules are necessary for addressing other issues pertinent to this case.

  **I.** **Summary Judgment Motions.** Summary Judgment motions, which must comply with Local Rule 56, will be filed 60 days after the close of discovery.

  **J.** **Joint Trial Memorandum**.  If no dispositive motion is filed, the joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed 90 days after the close of discovery or 60 days from the date of the ruling on the last dispositive motion.

**VI.** **Trial Readiness.**

If no dispositive motion is filed, the case will be ready for trial within 45 days of the filing of the Joint Trial Memorandum.

As officers of the Court, undersigned counsel agrees to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFF, BANDY LEE

By  */s/ Robin B. Kallor*
    Robin B. Kallor (ct26536)
    Cindy M. Cieslak (ct29117)
    Melinda A. Powell (ct17049)
    Rose Kallor, LLP
    750 Main Street, Suite 309
    Hartford, CT 06103
    Tel #:  (860) 361-7999
    Fax #:  (860) 270-0710
    Email:  rkallor@rosekallor.com
    ccieslak@rosekallor.com
    mpowell@rosekallor.com

DEFENDANT,

YALE UNIVERSITY

By:  */s/ Jonathan M. Freiman*
    Jonathan M. Freiman (ct24248)
    Caroline B. Park (ct29049)
    WIGGIN AND DANA LLP
    One Century Tower
    P.O. Box 1832
    New Haven, CT 06508-1832
    Tel: (203) 498-4400
    Fax: (203) 782-2889
    jfreiman@wiggin.com
    cpark@wiggin.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's EM/ECF System.

    Jonathan M. Freiman, Esq.
    Caroline B. Park, Esq.
    Wiggin and Dana, LLP
    265 Church Street
    New Haven, CT 06508

                                                     /s/ Robin B. Kallor
                                                     Robin B. Kallor