UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **BANDY LEE, MD, MDiv,** : | |
| : | **CASE NO.  3:21-cv-00389-MPS** |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | |
| **YALE UNIVERSITY,** : | |
| **Defendant.** : | **July 9, 2021** |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO STAY DISCOVERY**

**I.      Introduction**

Plaintiff in this matter, Dr. Bandy Lee, by and through counsel hereby objects to Defendant's Motion to Stay Discovery (ECF #21).  Orders staying discovery pending the outcome of a motion to dismiss are contrary to the practice of the Courts of this District, and even if that were not so, Defendant has failed to establish a strong showing of success on the merits, failed to establish that the discovery it seeks to stay is unfairly broad and/or burdensome, and failed to establish a lack of unfair prejudice to Plaintiff on account of staying discovery.  Defendant has failed to satisfy any of the three prongs of the test for a form of relief specifically disfavored in the Courts of this District, and the Court should therefore deny Defendant's Motion to Stay Discovery.

**II.     Law & Argument**

   **A.      Standard of Review**

Rule 26(c) provides, in relevant part, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery[.]" Fed. R. Civ. P. 26(c)(1)(A). "[A] request for a stay of discovery, pursuant to Rule 26(c) is committed to the sound discretion of the court based on a showing of good cause." *Stanley Works Isr. Ltd. v. 500 Grp., Inc.*, No. 3:17-CV-01765

1

(CSH), 2018 U.S. Dist. LEXIS 70217, 2018 WL 1960112, at *2 (D. Conn. Apr. 26, 2018) (internal quotation marks omitted). Importantly, "[t]he party seeking the stay bears the burden of showing that good cause exists for its request." *Id.*

Generally, it is not the practice of the Courts of this District to stay discovery upon the filing of a motion to dismiss. *See Kollar v. Allstate Ins. Co.*, No. 3:16-CV-01927 (VAB), 2017 U.S. Dist. LEXIS 223664, 2017 WL 10992213, at *1 (D. Conn. Nov. 6, 2017); *Covenant Imaging, LLC v. Viking Rigging & Logistics, Inc.,* No. 3:20-CV-00593 (KAD), 2020 U.S. Dist. LEXIS 164317, at *4 (D. Conn. Sep. 9, 2020); *Metzner v. Quinnipiac Univ.,* No. 3:20-cv-00784 (KAD), 2020 U.S. Dist. LEXIS 233842, at *23 (D. Conn. Nov. 12, 2020). However, "[w]here a party seeks a stay of discovery pending resolution of a dispositive motion, the Court considers (1) the strength of the dispositive motion; (2) the breadth of the discovery sought; and (3) the prejudice a stay would have on the non-moving party." *Stanley Works*, 2018 WL 1960112, at *2 (internal quotation marks omitted).

  B. <u>**Argument**</u>

    1. <u>**Motions Staying Discovery Pending the Outcome of a Motion to Dismiss are Disfavored in the Courts of this District.**</u>

As a threshold matter, motions staying discovery pending the outcome of a motion to dismiss are disfavored in the Courts of this District. "[T]his Court's regular practice normally requires the parties to commence discovery, even while a motion to dismiss is pending. *See, e.g.*, Order on Pretrial Deadlines ¶C, ECF No. 8 ("The filing of a motion to dismiss will not result in a stay of discovery or extend the time for completing discovery.") *See also Covenant Imaging, LLC*, 2020 U.S. Dist. LEXIS 164317, at *4 ("it is not the practice of this Court to stay discovery upon the filing of a motion to dismiss."); *Metzner*, 2020 U.S. Dist. LEXIS 233842, at *3 ("it is not the practice of this Court to stay discovery upon the filing of a motion to dismiss."); *Moss v. Hollis*,

Civil No. B-90-177 (PCD), 1990 U.S. Dist. LEXIS 13647, at *1 (D. Conn. June 27, 1990) (Characterizing such a stay of discovery as "an extreme measure.").

The Court should therefore begin consideration of Defendant's instant Motion and its merits only under the initial, *a priori* understanding that the relief requested by Defendant is "extreme" and disfavored by the Courts of this District. *See Kollar,* 2017 U.S. Dist. LEXIS 223664, at *4 (denying motion to stay discovery pending motion to dismiss); *Covenant Imaging, LLC*, 2020 U.S. Dist. LEXIS 164317, at *4 (same); *Metzner*, 2020 U.S. Dist. LEXIS 233842, at *3 (same); *Moss v. Hollis*, No. CIV. B-90-177 (PCD), 1990 U.S. Dist. LEXIS 13647, 1990 WL 138531, at *1 (D. Conn. June 29, 1990) (same); *accord Giuffre v. Maxwell*, No. 15 CIV. 7433 (RWS), 2016 U.S. Dist. LEXIS 6638, 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016) (same). Having acknowledged the Courts of this District's presumption against staying discovery pending a motion to dismiss, Plaintiff will now analyze the three factors the Court must consider. However, none of them cut in Defendant's favor, and the Court should therefore deny Defendant's Motion on that basis as well.

### 2. Defendant Has Not Made a Strong Showing that Its Motion to Dismiss Will be Successful.

Defendant, in order to prevail on the instant Motion, must make "a strong showing that [its] motion[] to dismiss would be successful…." *Moss v. Hollis*, No. CIV. B-90-177 (PCD), 1990 U.S. Dist. LEXIS 13647, 1990 WL 138531, at *1 (D. Conn. June 29, 1990). In other words, it must "have substantial grounds." *Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) ("an overly lenient standard for granting motions to stay all discovery is likely to result in unnecessary discovery delay in many cases."). Defendant has not made any such showing, but what it has shown in the instant Motion

is "that [defendant]'s…argument is not so obviously correct that the Court would deem it appropriate to stay discovery." *Covenant Imaging, LLC,* 2020 U.S. Dist. LEXIS 164317, at *7.

Defendant's "strong showing" with respect to Plaintiff's contract claims attempts a ledgerdemain too clever by half.  It argues that Plaintiff's breach of contract claim must fail because "Plaintiff has failed to identify a specific promise, failed to plead how the alleged failures harmed her, or both." (*Def. Mot.* at 7).  Undoubtedly, Plaintiff pled that her appointment with the Defendant was terminated in violation of contractual terms in the Faculty Handbook, policy statements, guidance, regulations, and rules, which provided the essential employment understandings between members of the faculty and Yale. (Compl., ¶¶ 12, 37-45, 51, 55). Defendant then argues with respect to Plaintiff's implied covenant of good faith and fair dealings claim, that "that claim falls along with her breach of contract claim." *Id.* What Defendant appears to be eliding over is the possibility that breaching the implied covenant of good faith and fair dealings in the first instance operated as an alternative means of breaching the contract itself. *See Landry v. Spitz*, 102 Conn. App. 34, 44-45 (2007), *quoting* 23 S. WILLISTON, CONTRACTS, § 63:22 ("when one party performs the contract in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party are thus denied, there is a breach of the covenant of good faith and fair dealing, **and hence, a breach of contract**…."); *Jones v. Standard Fire Ins. Co.*, No. TTDCV116004270S, 2013 Conn. Super. LEXIS 94, at *4 (Super. Ct. Jan. 11, 2013)("The implied covenant imposes in all contracts a good faith duty to execute *discretionary* acts, **the contours of which are not explicitly stated in the contract language**…."). Therefore, a breach of the implied covenant of good faith and fair dealing need not rest on any specific, explicit promise, but if it frustrates one party's reasonable expectations of the benefit of her bargain, the covenant is breached, "and hence" the contract itself

4

has been breached. *See Landry,* 102 Conn. App. at 44-45. Defendant's showing takes no account of this theory of liability, and in turn, makes no "strong showing" its "motion will be successful."

With respect to Plaintiff's claim for wrongful termination in violation of Conn. Gen. Stat. § 31-51q, Defendant primarily argues in its motion to dismiss that 1) Plaintiff has not alleged an employment relationship with the Defendant, and 2) Plaintiff has not alleged a discipline or discharge within the meaning of Conn. Gen. Stat. § 31-51q. Quite concerning is Defendant's incorporation of allegations that are beyond the four corners of the complaint or documents that have been incorporated by reference. First, Plaintiff has plainly pled an employer-employee relationship, (Compl., ¶¶ 9-17). *See Pietras v. Board of Fire Comm'rs*, 180 F.3d 468 (2d Cir. 1999) (stating that factfinder could decide that an employment relationship under Title VII existed where volunteer demonstrates she receives "indirect but significant remuneration"); *O'Connor v. Davis*, 126 F.3d 112, 116 (2d Cir. 1997) (discussing case where "the district court granted summary judgment improvidently, given that a factfinder should determine whether 'the benefits represent indirect but significant remuneration . . . or inconsequential incidents of an otherwise gratuitous relationship.'" (internal citations omitted)); see also *Varley v. First Student, Inc.*, 158 Conn. App. 482, 500, 119 A.3d 643 (2015) (applying "the commonly approved usage of the term" employer to determine if plaintiff and defendant had an employment relationship). Moreover, Defendant asserts that Plaintiff was subject to a nonrenewal of her term contract,[1] which does not constitute a "discipline or discharge." However, Plaintiff does not allege nonrenewal: she alleges that she "served as a faculty member of the Law and Psychiatry Division at Yale School of Medicine for 17 years. … Her reappointment was renewed every three years, ending on June 30, and renewing on July 1." (Compl., ¶ 9). Further, the termination letter does not cite nonrenewal.

---

[1] Interestingly, this argument contradicts Defendant's argument that Plaintiff did not have a contract.

(Id., ¶¶ 33, 48). Dr. Lee alleges that "The May 17, 2020 correspondence stated that the reason for her termination was because she did not have a formal teaching role; however, the September 4, 2020 letter clarified Yale could have reinstated Dr. Lee's teaching role, but it chose not to do so because of her protected speech." (Id., ¶ 48).[2]  Simply put, Defendant unconvincingly argues the merits in its motion to dismiss, without accepting Plaintiff's allegations as true, which is the standard on a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Also, Defendant invokes its academic judgment prerogative in selecting faculty under the First Amendment to be an absolute bar to Plaintiff's claims, which of course, it is not.  *See Powell v. Syracuse University*, 580 F.2d 1150, 1154 (2d Cir. 1978) ("Academic freedom does not include the freedom to discriminate …on the basis of sex **and other impermissible grounds**.").

Finally, *arguendo,* "[e]ven if a motion to dismiss 'appears to have substantial grounds,' a stay of discovery pending the outcome of that motion is appropriately denied where, . . . the other factors 'disfavor a stay.'" *Metzner*, 2020 U.S. Dist. LEXIS 233842, at *23.  The factors of potential delay to Plaintiff in obtaining the discovery she seeks and would otherwise be entitled to working unfair prejudice on Plaintiff, and of similar delay to the expeditious ultimate disposition of this action, for example, both disfavor a stay in the instant case.

None of this amounts to a strong showing of likelihood of success with respect to either narrowing the issues for trial or disposing of the entire Complaint, and therefore the Court should deny Defendant's instant Motion.

---

[2] Defendant attached these correspondences as Exhibit B and C to its motion to dismiss.

### 3. The Discovery which Defendant Seeks to Stay is Neither Overbroad nor Unduly Burdensome, and Even if It Were, the Proper Tool to Address Those Issues is a Discovery Conference with the Court, Not a Motion to Stay all Discovery.

Next, Defendant argues that discovery in this matter will be broad and burdensome. In support of this proposition, it points to one production request in the Initial Discovery Protocols for Certain Employment Cases which would "require electronic data searches of multiple custodians over several years." (*Def.'s Mot.* at 9). Courts in this District have denied stays of discovery pending motions to dismiss in cases where the discovery sought was far more burdensome than the several global Outlook email searches Defendant complains of. *See Kollar*, 2017 U.S. Dist. LEXIS 223664, at *5-6 (Denying motion for stay despite discovery requests that would require defendant to review "more than 55,000 electronic documents.").

To the extent that Defendant wishes to object to Plaintiff's discovery requests as overbroad or unduly burdensome, the proper way to address that matter is by scheduling a discovery conference with the Court as "a wholesale stay of discovery is not the proper vehicle for resolving a premature claim of overbreadth or undue burden." *Metzner*, 2020 U.S. Dist. LEXIS 233842, at *20; *see also Kollar,* 2017 U.S. Dist. LEXIS 223664 at *20 ("To the extent that Defendants have concerns about the scope and proportionality of [Plaintiff]'s discovery requests, they may seek to address those concerns in the appropriate way: by seeking a discovery conference with the Court").

The Court should therefore deny Defendant's instant Motion because the production requests contained in this Court's Initial Discovery Protocols are not unduly broad or burdensome, and even if some other discovery requests were overly burdensome; again, the proper procedural mechanism for resolving these concerns is a discovery conference, not a motion to stay all discovery wholesale.

### 4. A Stay of Discovery Would Unfairly Prejudice Plaintiff, but Even If, *Arguendo*, It Did Not, the Mere Lack of Prejudice Does Not Justify Staying All Discovery

Finally, Defendant argues that "there is no plausible argument that Plaintiff will suffer any unfair prejudice by a stay of discovery…." (*Def.'s Mot.* at 10). This is not true—a stay of discovery for potentially 5-6 months while the motion to dismiss is briefed and argued and ruled upon unfairly delays Plaintiff's ability to seek timely discovery in this matter that she would otherwise be entitled to. Moreover, the length of the stay is neither here nor there, because even a brief stay is contrary to this District's practice. *See Metzner*, 2020 U.S. Dist. LEXIS 233842, at *22 ("While it is true that the motion to dismiss may remain pending only for a matter of months, thus obviating the degree of prejudice, as noted previously a stay of discovery is the exception and not the rule in this District.").

Finally, since Defendant has failed to carry its burden on the first two prongs of the test for a stay, this third prong will avail it nothing, as "good cause not otherwise having been shown, lack of prejudice does not justify a stay." *Giuffre*, 2016 U.S. Dist. LEXIS 6638, at *5. If Defendant cannot demonstrate "a strong showing that any such motion to dismiss would be successful," nor can it demonstrate that discovery in this matter would be unduly burdensome, it cannot hang its hat upon the mere lack of prejudice to Plaintiff as the basis for staying discovery. *See Moss v. Hollis*, No. CIV. B-90-177 (PCD), 1990 U.S. Dist. LEXIS 13647, 1990 WL 138531, at *1 (D. Conn. June 29, 1990); *see also Giuffre*, 2016 U.S. Dist. LEXIS 6638, at *5.

### III. Conclusion

Wherefore, for all of the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Stay Discovery.

PLAINTIFF, BANDY LEE

By  */s/ Robin B. Kallor*
Robin B. Kallor (ct26536)
Cindy M. Cieslak (ct29117)
Melinda A. Powell (ct17049)
Rose Kallor, LLP
750 Main Street, Suite 309
Hartford, CT 06103
Tel #:  (860) 361-7999
Fax #:  (860) 270-0710
Email:  rkallor@rosekallor.com
ccieslak@rosekallor.com
mpowell@rosekallor.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's EM/ECF System.

Jonathan M. Freiman, Esq.
Caroline B. Park, Esq.
Wiggin and Dana, LLP
265 Church Street
New Haven, CT 06508

/s/ Robin B. Kallor
Robin B. Kallor